UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEREMY CLAY,

        Plaintiff,

        Case No. 1:22-cv-193

v.

        Honorable Ray Kent

J. LANGDON et al.,

        Defendants.
_____/

**<u>ORDER</u>**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's action concerns the denial of medical care by the named Defendants. (Compl., ECF No. 1, PageID.2–3.) The Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(e) and has dismissed Plaintiff's claims against Defendants Langdon and Scott. In addition, the Court has determined that at this juncture, Plaintiff's Eighth Amendment claim against Defendant Unknown Party Male Nurse is sufficiently colorable to allow service of the action. However, Plaintiff has not provided the name of Defendant Unknown Party Male Nurse.

      Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. Fed. R. Civ. P. 10(a). The use of the fictitious names of Jane and John Doe is typically permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the Jane or John Doe to be discovered. *See, e.g.*, *Berndt v. Tennessee*, 796 F.2d 879, 882–84 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties);

*Odum v. Knox Cnty.*, No. 89-5987, 1990 WL 57241, at *1 (6th Cir. 1990) (concluding that the complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation). Plaintiff's remaining claim concerns an unnamed male nurse who appears to have worked at the Bellamy Creek Correctional Facility during the pertinent time period. Plaintiff continues to reside at Bellamy Creek Correctional Facility. Based on this, it appears that Plaintiff should be able to discover the name of Defendant Unknown Party Male Nurse.

As this case presently stands, the Court cannot order service of the action on the Unknown Party. Accordingly, Plaintiff will be permitted to file an amendment to his complaint within ninety (90) days to provide the name of Defendant Unknown Party Male Nurse, or he will face dismissal of his action without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (remanding to allow the plaintiff an opportunity to identify name of an officer from the named defendant but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant). Therefore:

**IT IS ORDERED** that Plaintiff shall have **ninety (90) days** in which to file an amendment to his complaint or face dismissal of his action without prejudice.

Dated:   June 16, 2022                                   /s/ Ray Kent
                                                         Ray Kent
                                                         United States Magistrate Judge